**Mrs. Hilda CLARKE and Estate of Ernest Clarke, Plaintiffs-Appellees,**

v.

**DISTRICT DIRECTOR OF the INTERNAL REVENUE SERVICE and United States of America, Defendants-Appellants.**

**No. 71-1693.**

United States Court of Appeals, Sixth Circuit.

March 1, 1972.

Charles E. Anderson, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellants; Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Issie L. Jenkins, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief; Ralph G. Guy Jr., U. S. Atty., John H. Hausner, Asst. U. S. Atty., Detroit, Mich., of counsel.

Dale C. Campbell, Detroit, Mich., for plaintiffs-appellees; Edwin G. O'Brien, Detroit, Mich., on brief.

Before EDWARDS, PECK and KENT, Circuit Judges.

### ORDER

PER CURIAM.

This is an appeal from a judgment of the trial court granting a temporary injunction restraining the defendant "from levying, collecting, seizing and/or selling and/or in any way attempting to levy, collect, seize and/or sell any of the property of this Plaintiff, Hilda Clarke,

either real, personal and/or mixed of any kind whatsoever, and wheresoever situate either in her possession or in the possession of any other party for her use and/or benefit.", pending a hearing to determine the application of Public Law 91–679, 26 U.S.C.A. § 6013(e), to the claims of the plaintiff.

The Commissioner of Internal Revenue claimed that the Taxpayer and her late husband, who had filed joint tax returns for the years 1950–1955, were deficient in the payment of taxes, including penalties and interest, in the amount of more than $250,000 because fraudulent returns had been filed. The Tax Court found that fraudulent returns had been filed and that there was joint liability. Clarke v. Commissioner, 54 T.C. 1149 (1970). No appeal was taken from this decision.

Following the decision of the Tax Court the Internal Revenue Service "administratively refunded" the amounts claimed by the plaintiff, Hilda Clarke, as over-payments for the years 1956–1958 in the amount of approximately $25,000, by crediting that amount against the sum awarded to the Commissioner by the judgment of the Tax Court. The suit for refund of taxes for the years 1956–1958, which was instituted in 1964 (the amount of which had been administratively refunded by the Service as stated above), was still pending when the Internal Revenue Service levied against Mrs. Clarke's earnings and recovered $66.00. After the levy against her earnings, Mrs. Clarke moved for the injunctive relief which was granted as outlined previously.

The record in the court below does not demonstrate that the trial judge fully considered the application of the statutory provisions prohibiting suits to restrain the collection of taxes. 26 U.S.C.A. § 7421.

It is, therefore, ordered that the case be remanded to the United States District Court for further consideration in the light of the provisions of Title 26 U.S.C.A. § 7421.